IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-04203-CYC

KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor,

    Petitioner,

v.

SKY CONSTRUCTION, INC.,

    Respondent.

---

**ORDER TO APPEAR AND SHOW CAUSE
FOR FAILURE TO COMPLY WITH SUBPOENA**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on Petitioner's Motion to Compel Rivaldo Barralaga to Comply with Subpoena, ECF No. 12, which requests relief under Fed. R. Civ. P. 45(g) for Mr. Barralaga's failure to comply with a duly issued subpoena requiring appearance for testimony and production of records on June 4, 2026.

Pursuant to Federal Rule of Civil Procedure 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). In its Order appointing the undersigned as Special Master in this case, the Tenth Circuit specifically included the power to find a witness who fails to appear or give evidence in contempt. *See* Order, *Chavez-DeRemer v. Sky Construction, Inc.*, No. 24-9527, ECF No. 33 (10th Cir. Dec. 24, 2025). This Court granted the petitioner's request to serve Rivaldo Barralaga with a subpoena to testify and produce records. ECF No. 9. The motion and its exhibits demonstrate that the petitioner served Mr. Barralaga with the subpoena, Mr. Barralaga failed to appear on the noticed date, counsel for the petitioner called Mr. Barralaga

after approximately 15 minutes after the scheduled time and left a voice message for him, and Mr, Barralaga did not contact the petitioner's counsel in response. ECF No. 12 ¶¶ 11–15; ECF No. 12-4 at 3–5, 10–11. In addition, the motion was served on Mr. Barralaga. ECF No. 12 at 5.

Rule 45(g) allows the Court to hold a person in contempt for failure to obey a Rule 45 subpoena or an order relating to such a subpoena. However, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . ." Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment. Thus, "[t]he district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance." 9A Wright & Miller's Federal Practice & Procedure § 2465 (3d ed.). Therefore, the Court will grant the motion and compel Mr. Barralaga to comply with the subpoena or show cause why he should not be required to comply. *See United States v. Mattison*, No. 24-cv-00158-GPG-CYC, 2025 WL 1504388, at *4 (D. Colo. May 27, 2025) (compelling defendant to respond to document subpoenas and to appear for deposition).

Accordingly, pursuant to Federal Rule of Civil Procedure 45(g), it is hereby ORDERED that **Mr. Barralaga shall personally appear before this Court on July 9, 2026 at 11:15 a.m. in Courtroom C-201, on the second floor of the Byron G. Rogers United States Courthouse** located at 1929 Stout Street, Denver, Colorado, to provide the testimony required by the subpoena served on May 24, 2026 or show cause, if any exists, why he should not be compelled to comply and why contempt sanctions should not be imposed. **Mr. Barralaga shall bring all subpoenaed materials to the hearing.**

**Mr. Barralaga is warned that failure to appear as ordered, or further failure to comply with the subpoena, may result in the imposition of contempt sanctions, including fines and/or other coercive relief deemed appropriate by the Court.**

It is further ORDERED that the petitioner shall promptly serve a copy of this Order on Mr. Barralaga by U.S. First-Class Mail and file proof of service with the Court.

Entered and dated this 11th day of June, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge